IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|   |   |
|---|---|
| IN RE: CHARLES EDWARD LINCOLN, | § § § § § § § |
|   | Misc. No. 07-75 |

### NOTICE OF CRIMINAL CONTEMPT PROCEEDING
### AND ORDER TO SHOW CAUSE

Pursuant to 18 U.S.C. § 401 and Federal Rule of Criminal Procedure 42, the Court hereby enters this Notice of Criminal Contempt Proceeding and Orders Charles Lincoln to appear and show cause at the date and time set forth below why he should not be held in criminal contempt, and for cause states the following:

### Background

On May 16, 2007, David Sibley ("Mr. Sibley") filed suit against Defendant Charles Lincoln ("Defendant") in the 94th Judicial District Court of Nueces County, Texas, asserting claims of "breach of contract" and "slander." (See Pl.'s Orig. Pet.)[1] On June 5, 2007, Defendant removed the civil case from state court to this Court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (Not. of Rem. at 1.) In particular, Defendant alleged that the parties were diverse because Defendant "resides in Tarpon Springs, Pasco County, in the State of Florida and the amount in controversy substantially exceeds $100,000." (Not. of

---

[1] All citations in this Order are to the original civil case, Sibley v. Lincoln, Civil Action 07-258.

Rem. at 1.)  Upon removal, the case was given the caption <u>Sibley v. Lincoln</u>, and assigned cause number 2:07-cv-258.

On June 7, 2007, Mr. Sibley filed a "Motion to Remand" the case back to state court, arguing that removal was improper because there was no diversity of citizenship between the parties and the amount in controversy did not exceed $75,000.00.  (D.E. 3)  The Court granted Mr. Sibley's motion to remand, finding that Defendant had failed to meet his burden of establishing the minimum amount in controversy, and remanded the case to state court.  (D.E. 6.)

On June 25, 2007, following remand, Mr. Sibley filed a "Motion to Sanction Charles Lincoln" (D.E. 9), contending that the Court should sanction the Defendant because, according to Mr. Sibley, Defendant misrepresented his citizenship to the Court for the purpose of manufacturing diversity jurisdiction over the civil suit.  On July 10, 2007, the Court issued a "Notice of Setting" which provided as follows:

> **TAKE NOTICE THAT A PROCEEDING IN THIS CASE HAS BEEN SET FOR THE PLACE, DATE AND TIME SET FORTH BELOW.**
>
> **Before the Honorable**
>
> Janis Graham Jack
>
> **PLACE:**
>
> United States District Court
> 1133 N. Shoreline Blvd.
> Corpus Christi, TX
>
> **DATE:** 7/23/07
>
> **TIME:** 10:00 AM

**TYPE OF PROCEEDING:** Motion Hearing
Motion for Sanctions – #9
(D.E. 10.)

On Thursday, July 19, 2007, Defendant filed "Motion for Continuance of Hearing on Sanctions Set Monday July 23, 2007," arguing that: (1) the sanctions hearing should be continued because the Court had no jurisdiction to consider sanctions after remand of the case; and (2) the sanctions hearing should be continued "until not sooner than ten days after the United States Court of Appeals for the Fifth Circuit in New Orleans has affirmed this Court's jurisdiction to hear a motion for sanctions filed two weeks after entry and mailing of a certified copy of the Court's order granting Remand." (See D.E. 14.) Concurrently, Defendant also filed a "Suggestion of Bankruptcy of Cheryl L. Anderson & Victor Dale Anderson" in which he argued that the sanctions hearing should also be continued because it was subject to the automatic bankruptcy stay of 11 U.S.C. § 362. (D.E. 15.) That same day, July 19, 2007, the Court entered an "ORDER DENYING CONTINUANCE" in which the Court: (1) rejected Defendant's argument for a stay pending appeal, noting that Defendant had not appealed the case and no notice of appeal was on file with the Court; and (2) rejected Defendant's argument that the case was subject to the automatic bankruptcy stay of 11 U.S.C. § 362, noting that alleged bankrupt debtors were not parties to this case, nor was there any indication that the civil litigation involved issues in any way related to the bankruptcy

3

estate or proceeding. (D.E. 16.) With respect to the Defendant's jurisdictional argument, the Court noted that the issue of sanctions usually concerns matters "collateral to the merits" and therefore can be addressed by a federal court even after a case has been otherwise dismissed or remanded. (D.E. 16.) Nevertheless, the Court advised the Defendant that it would consider his jurisdictional arguments at the sanctions hearing. The Court concluded:

> Accordingly, Defendant's motion for continuance is hereby DENIED. The Court again ORDERS Defendant Charles Lincoln to appear in person before this Court at 1133 N. Shoreline Blvd., Corpus Christi, TX, on Monday July 23, 2007 at 10:00 AM for a hearing on Plaintiff's motion for sanctions (D.E. 9).

(D.E. 16.) On Sunday, July 22, 2007, at 6:45 PM, the Defendant sent an email to Mr. Sibley and the Court's Case Manager, Ms. Sondra Scotch, indicating that he "cannot attend the hearing Monday morning in Corpus Christi . . . ." (D.E. 21.)

On Monday, July 23, 2007, at 10:00 AM the Court held a hearing on Mr. Sibley's motion for sanctions. After the case was called, Mr. Sibley registered his appearance. Defendant, however, did not appear. A Court Security Officer, Mr. Adrian Perez, called Defendant Charles Lincoln's name three times in the public area of the courthouse but there was no response.

### Discussion

"The power to punish for contempts is inherent in all courts. Its existence is essential to the preservation of order in judicial

proceedings, and to the enforcement of the judgments, orders, and writs of the courts; and consequently to the due administration of justice." In re Hipp, Inc., 895 F.2d 1503, 1512 (5th Cir. 1990) (quoting Ex parte Robinson, 86 U.S. 505, 510 (1873)). A contempt proceeding "is characterized as either civil or criminal depending on its primary purpose." FDIC v. LeGrand, 43 F.3d 163, 168 (5th Cir. 1995); Lamar Financial Corp. v. Adams, 918 F.2d 564, 566 (5th Cir. 1990). Where, as here, "the primary purpose is to punish the contemnor and vindicate the authority of the court, the order is viewed as criminal." LeGrand, 43 F.3d at 168. A "criminal (unlike a civil) contempt prosecution for violation of a court order is a separate and independent proceeding from, and is not a part of, the case in which the violated order was issued, and does not depend on the validity of that order or the continuation of the underlying proceedings." Hipp, 895 F.2d at 1510 (citing Bray v. United States, 423 U.S. 73 (1925)); see also Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 444-45 (1911) ("Proceedings for . . . criminal contempt are between the public and the defendant, and are not a part of the original cause").

The procedure for criminal contempt proceedings is governed by Federal Rule of Criminal Procedure 42(a), which provides that "[a]ny person who commits criminal contempt may be punished for that contempt after prosecution on notice." The notice must "state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts

constituting the criminal contempt charged and describe it as such." American Airlines, Inc. v. Allied Pilots Ass'n, 968 F.2d 523, 530 (5th Cir. 1992); Fed. R. Crim. P. 42(a)(1)(A)-(C). Because "the judge may not prosecute the contempt and at the same time act as Judge," the court must also appoint an attorney for the government to prosecute the contempt. American Airlines, 968 F.2d at 531; In re Davidson, 908 F.2d 1249, 1251 (5th Cir. 1990); Fed. R. Crim. P. 42(a)(2).

18 U.S.C. § 401 provides that federal courts may "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority" including "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." Id. at § 401(3). The elements of a violation of § 401(3) of the criminal contempt statute "are: (1) a reasonably specific order; (2) violation of the order; and (3) the willful intent to violate the order." United States v. Landerman, 109 F.3d 1053, 1068 (5th Cir. 1997); In re Hipp, Inc., 5 F.3d 109, 112 (5th Cir. 1993); Cooper v. Texaco, 961 F.2d 71, 72 n.3 (5th Cir. 1992). "Determining whether an order is specific requires a factual inquiry into the reasonableness of the order's specificity, given the context in which it was issued." Hipp, 5 F.3d at 112; United States v. Revie, 834 F.2d 1198, 1201 (5th Cir. 1987). Any ambiguity in the order, however, "must be resolved in favor of the defendant." Cooper, 961 F.2d at 72 (citing United States v. O'Quinn, 913 F.2d 221, 222 (5th Cir. 1990)).

At a criminal contempt hearing, the defendant is entitled to all the usual protections of a criminal trial. "As in any other criminal case, proof of guilt beyond reasonable doubt is required." <u>In re Stewart</u>, 571 F.2d 958, 965 (5th Cir. 1978) (citing <u>United States v. Barnette</u>, 546 F.2d 187 (5th Cir. 1977)). "A defendant charged with [criminal contempt] enjoys the presumption of innocence, . . . cannot be compelled to testify against himself, . . . [and] has the right to counsel." <u>Hipp</u>, 895 F.2d at 1509. "If a sentence to confinement in excess of six months is to be imposed, there is a Sixth Amendment right to trial by jury." <u>Id.</u> at 1509-10 (citing <u>Codispoti v. Pennsylvania</u>, 418 U.S. 506 (1974)). Where, however, the defendant is "given pre-trial assurance[s] that no sentence in excess of six months imprisonment would be imposed, [he has] no right to jury trial under the Sixth Amendment." <u>Nat'l Maritime Union v. Aquaslide 'N Dive Corp.</u>, 737 F.2d 1395, 1400 (5th Cir. 1984); <u>Frank v. United States</u>, 395 U.S. 147, 150 (1969) (stating that "this Court has held that sentences for criminal contempt of up to six months may constitutionally be imposed without a jury trial") <u>see</u> <u>also</u> <u>United States v. Martinez</u>, 686 F.2d 334, 340 (5th Cir. 1982) (affirming a district court's denial of a jury trial in a criminal contempt action where the district court "stat[ed] that it would not impose a sentence in excess of six months").

In this case, Defendant Charles Lincoln was twice specifically commanded to appear on Monday, July 23, 2007 at 10:00 AM at the

U.S. Courthouse in Corpus Christi, Texas, for a hearing on a motion for sanctions in the civil case, <u>Sibley v. Lincoln</u>, No. 07-258. (D.E. 10, 16.) He failed to do so, and his actions require that he be made to appear and show cause why he should not be held in criminal contempt for failure to appear as ordered by the Court in Docket Entries 10 and 16. The Court advises Defendant of his rights, including his right to counsel, his right to court appointed counsel if he cannot afford to retail his own counsel, his right to remain silent, the presumption of innocence, and the right to proof beyond a reasonable doubt. The Court also advises Defendant that the Court will not consider a sentence against him in excess of six months, and thus the contempt hearing will be tried before the Court without a jury.

## **Conclusion**

Thus, for the reasons stated above, IT IS HEREBY ORDERED that:

1. The Court shall conduct a criminal contempt hearing regarding Defendant Charles Lincoln on Friday, September 7, 2007 at 1:15 p.m. The hearing will be held at 1133 N. Shoreline Blvd., Corpus Christi, Texas. The Defendant is ORDERED to appear in person at the hearing;

2. The Court APPOINTS Assistant United States Attorney Patti Booth to represent the United States and to prosecute the contempt charge against Mr. Lincoln. The Government shall serve this Order on the Defendant;

3. The Court advises Defendant that he has a right to court-appointed counsel if he cannot afford to retain his own counsel. If Defendant wishes to be considered for court-appointed counsel he has three days from the date of service of this Order to file a motion to proceed in forma pauperis with this Court; and

4.  The contempt trial will be a trial before the Court without a jury and the Court will not consider a sentence against Mr. Lincoln in excess of six months, nor will the Court consider a fine against Mr. Lincoln in excess of $1,000.00; and

SIGNED and ENTERED this 23rd day of July, 2007.

_____
Janis Graham Jack
United States District Judge