UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>CHARLES EDWARD LINCOLN, III. | § § § § § § § § | NO. 2:08-CR-001 |
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>CHARLES EDWARD LINCOLN, III. | § § § § § § § § | NO. 2:07-MC-075 |
| DAVID SIBLEY,<br><br>  Plaintiff,<br>vs.<br><br>CHARLES EDWARD LINCOLN, III,<br><br>  Defendant. | § § § § § § § § § § § § | NO. 2:07-CV-258 |

## ORDER

On this day came on to be considered Defendant Lincoln's Motion to Waive Filing Fees. (D.E. (1) 7; D.E. (75) 37; D.E. (258) 55.)[1] For the reasons discussed below, the Court refers Defendant Lincoln's motion to the Fifth Circuit for disposition.

On February 15, 2008, Defendant Lincoln filed a notice of appeal of several orders in three related cases: (1) USA v. Lincoln, 2:08-cr-001, (2) USA v. Lincoln, 2:07-mc-075, and (3) Sibley v. Lincoln, 2:07-cv-258. (D.E. (1) 6; D.E. (75) 36; D.E. (258) 54.) That same day, he

---

[1] For purposes of this order, "D.E. (1)" refers to docket entries in USA v. Lincoln, 2:08-cr-001, "D.E. (75)" refers to docket entries in USA v. Lincoln, 2:07-mc-075, and "D.E. (258)" refers to docket entries in Sibley v. Lincoln, 2:07-cv-258.

filed a motion to waive the filing fees associated with his appeals of USA v. Lincoln, 2:08-cr-001, and USA v. Lincoln, 2:07-mc-075.  (D.E. (1) 7; D.E. (75) 37; D.E. (258) 55.)  Defendant Lincoln had previously paid the filing fee associated with his appeal of Sibley v. Lincoln, 2:07-cv-258.  (Sep. 11, 2007 Docket Notation ("USCA Appeal Fees received $455, receipt number 238851…").)  He argues, in his motion, that the filing fee associated with his appeal of Sibley v. Lincoln, 2:07-cv-258, should be sufficient to cover all three appeals, because the three cases are, for all intents and purposes, a single case.[2]  (D.E. (1) 7; D.E. (75) 37; D.E. (258) 55.)

      The Court declines to rule on Defendant Lincoln's motion to waive filing fees at this time and, instead, refers the motion to the Fifth Circuit for disposition.  Defendant Lincoln does not clarify, in his motion, whether he seeks consolidation of the appeals for purposes of paying a single filing fee, or waiver of the filing fees absent consolidation.  (Id.)  Regardless, the Fifth Circuit is the appropriate forum in which to adjudicate both issues.  See Bansal v. Consulate Gen. of India Houston, 99 Fed. Appx. 535, 537 (5th Cir. 2004) (consolidating appeals that share a common record); Whitfield v. Dretke, 81 Fed. Appx. 477 (5th Cir. 2003) (declining to consolidate appeals); see also Attia v. Barnhart, 108 Fed. Appx. 434, 435 (8th Cir. 2004) (denying as moot motion to waive appellate filing fee, where appellant had been granted leave to proceed *in forma pauperis*); Douglas v. Eniola, No. 99-7337, 1999 U.S. App. LEXIS 33571, *1 (4th Cir. Dec. 22, 1999) (denying appellant's motion to waive the appellate filing fee); Baker v. Wilson, No. 95-3076, 1995 U.S. App. LEXIS 32695, *3 (10th Cir. Nov. 22, 1995) (denying appellant's motion to proceed *in forma pauperis*, but waiving filing fee upon dismissal of

---

[2]    Defendant Lincoln has not requested to proceed *in forma pauperis* with respect to his appeals of USA v. Lincoln, 2:08-cr-001, and USA v. Lincoln, 2:07-mc-075, and the Court declines to construe his motion to waive filing fees as a motion to proceed *in forma pauperis*.  Defendant Lincoln has not given the Court any indication that he is unable to pay the filing fees; rather, he argues solely that he should not be required to pay the filing fees.  See Fed. R. App. Proc. 24(a)(1)(A) (stating that an appellant seeking to proceed *in forma pauperis* must demonstrate his "inability to pay").

appeal); <u>Ashmore v. Frank</u>, 3:07-cv-458-bbc, 2008 U.S. Dist. LEXIS 2031, *3 (W.D. Wis. Jan. 7, 2008) (stating that the district court does "not have the authority to allow plaintiff to … waive the $ 455 filing fee").

Accordingly, the Court hereby refers Defendant Lincoln's Motion to Waive Filing Fees to the Fifth Circuit for disposition.

SIGNED and ORDERED this 3rd day of March, 2008.

_____
Janis Graham Jack
United States District Judge